**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CHRISTOPHER KING, SR.                                                                                    PLAINTIFF
ADC # 651077

v.                                           4:12-cv-00508-BSM-JJV

ALICE WOODS, Sgt.,
Ashley County Jail                                                                                        DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Christopher King, Sr., is an inmate in the Varner Unit of the Arkansas Department of Correction ("ADC"). He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging that while detained in the Ashley County Detention Center, Sgt. Woods violated his constitutional rights. Plaintiff sues Sgt. Woods in both her official and personal capacities. After careful review of the Complaint, the Court finds it should be DISMISSED for failure to state a claim upon which relief may be granted.

## I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

II.     ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by

3

the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court has carefully reviewed the Complaint and concludes that Plaintiff has failed to alleged his constitutional rights were violated.

Plaintiff claims that Sgt. Woods verbally harassed him by slandering his name and making "sly remarks" about him. (Doc. No. 2 at 13.) Verbal harassment is simply not actionable under § 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("mere threatening language and gestures of a state actor do not, even if true, amount to constitutional violations"). Neither are claims for defamation and slander actionable. *See Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983). Accordingly, the Court finds that Plaintiff fails to state a claim against Sgt. Woods and his Complaint should be DISMISSED.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. The Compliant (Doc. No. 2) should be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

3.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting this recommendation and the accompanying judgment would not be taken in good faith.

DATED this 3rd day of January, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).